[Crim. No. 161.  Second Appellate District.—August 19, 1910.]

THE PEOPLE, Respondent, v. JAMES WARD, Appellant.

CRIMINAL LAW—EMBEZZLEMENT—SUPPORT OF VERDICT—CONFLICTING EVIDENCE—REVIEW UPON APPEAL.—Upon a prosecution for embezzlement, where the jury found a verdict of guilty, and the record shows a decided conflict of evidence, but the jury accepted as true the statements of the prosecuting witness, and the court, in passing upon the motion for a new trial, justified the action of the jury, it is not the province of the appellate court to disturb the verdict, if any evidence in the record warrants the same.

ID.—PROOF OF EMBEZZLEMENT—MONEY AND PROPERTY HELD AS SECURITY FOR CONTRACT OF EMPLOYMENT—TERMINATION OF CONTRACT —MISAPPROPRIATION.—Where the record shows that defendant obtained possession of money and property belonging to the prosecuting witness under an agreement that the same should be held only as security for the faithful performance of certain duties connected with a contract of employment between the parties, and that upon termination of such employment defendant refused to return the same or any part thereof, and appropriated such money and personal property to his own use, the crime of embezzlement as defined in section 503 of the Penal Code was thus made out, and the verdict of guilty was a righteous one, and should be sustained.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Frank R. Willis, Judge.

The facts are stated in the opinion of the court.

Walter & Pratt, and Stephen L. Sullivan, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

ALLEN, P. J.—The information charged defendant with the crime of embezzlement, the jury found him guilty, and his motion for a new trial was denied. From the judgment of conviction and an order denying such new trial defendant appeals.

The only contention presented is that the evidence in the record is insufficient to support the verdict. An examination of such record develops a decided conflict in the evidence. The jury, however, accepted as true the statements of the prosecuting witness, and the court, upon the motion for a new trial, justified this action upon the part of the jury. It is not the province of this court to disturb such conclusion if any evidence in the record warrants the same.

We are further of opinion that an examination of the record establishes that defendant obtained possession of money and personal property belonging to the prosecuting witness under an agreement that the same should be held only as security for the faithful performance of certain duties connected with a contract of employment entered into between the parties; that thereafter, upon the termination of such employment, defendant refused to return the same or any part thereof, and appropriated such money and personal property to his own use. The crime of embezzlement, as defined by section 503 of the Penal Code, was thus made out. The verdict, in our opinion, was a righteous one and should be sustained.

Judgment and order affirmed.

Shaw, J., and James, J., concurred.